FILED
MAY 11 2012
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ONEWEST BANK, FSB, | CASE NO. 12-CV-1134 BEN (WVG) |
|---|---|
| Plaintiff, | ORDER REMANDING ACTION TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION |
| vs. | |
| ROBERT YOUNG, et al., | |
| Defendants. | |

This action is an unlawful detainer action initially filed in the San Diego County Superior Court. The Complaint, filed on June 9, 2011, alleges that Plaintiff OneWest Bank, FSB, has title to real property located at 14324 Sladon Court, Poway, California 92064. (Compl. ¶¶ 2, 5.) Plaintiff alleges it served Defendants Robert Young and Patricia Young with written notice to quit and deliver up possession of the property to Plaintiff, but Defendants failed to deliver up possession of the property and continue to fail to deliver up possession of the property. (*Id.* ¶¶ 6–8.) Plaintiff seeks, among other things, possession of the property. (*Id.* at 2.) Defendants were served with the summons on June 24, 2011. (Docket No. 1.) On May 9, 2012, Defendants removed the action to this Court. (*Id.*)

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that

the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction; doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). A defense based on federal law is not sufficient to remove an action to federal court. *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir. 1994) ("[N]either an affirmative defense based on federal law . . . nor one based on federal preemption . . . renders an action brought in state court removable.").

This Court does not have subject matter jurisdiction over the present action. Because the Complaint does not allege violation of any federal law, this Court does not have federal question jurisdiction. *See* 28 U.S.C. 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). In addition, because the Complaint seeks less than $10,000 in damages, this Court does not have diversity jurisdiction. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States.").

This Court lacks subject matter jurisdiction. Accordingly, the Court **REMANDS** this action to the San Diego County Superior Court.

**IT IS SO ORDERED.**

DATED: May //, 2012

HON. ROGER T. BENITEZ
United States District Court Judge